The Honorable Denny Altes State Senator
8600 Moody Road Fort Smith, Arkansas 72903-6718
Dear Senator Altes:
I am writing in response to your request for an opinion concerning the permissible use of certain county moneys under A.C.A. §§ 21-6-302(d) and 21-6-305(c). You ask the following:
 Under A.C.A. § 21-6-302(d), a county treasurer may use the county treasurer's automation fund to operate the office, for administrative costs, and for an automated accounting and record-keeping system. Under A.C.A. § 21-6-305(c), the county collector may use the county collector's automation fund to operate the office, for administrative costs, and for an automated record-keeping system. Would office furniture, such as desks, cabinets and chairs, be an eligible expense under A.C.A. §§ 21-6-302(d) and 21-6-305(c)?
RESPONSE
While the lack of precise governing authority prevents me from being definitive, I believe the answer to your question is probably "yes."
DISCUSSION
You question is composed of two discreet sub-questions, namely whether certain expenses are permissible under subsection 21-6-302(d), on the one hand, and subsection 21-6-305(c), on the other hand. The relevant language in both statutes *Page 2 
is nearly identical, and was enacted by the General Assembly in the same session.[1] The relevant language regarding treasurers states:
 (d)(1) The treasurer may set aside up to ten percent (10%) of the gross commissions collected annually to be credited to the county treasurer's automation fund to be used:
 (A) To operate the office of the county treasurer;
 (B) For administrative costs; and
 (C) To purchase, maintain, and operate an automated accounting and record-keeping system.
 (2) The acquisition and update of software for the automated accounting and record-keeping system shall be permitted uses of these funds.
 (3) Moneys deposited in this fund may accumulate and shall be appropriated and expended for the uses designated in this section by the quorum court at the direction of the treasurer.
A.C.A. § 21-6-302(d) (Supp. 2009) (emphasis added).[2] The bolded provisions, above, were added by the General Assembly in 2003.See, supra, note 1.
Treasurers
No court or opinion from this office has addressed your specific question. Thus, I cannot definitively opine on your question. Nevertheless, subsection 21-6-302(d)'s very broad language probably permits the expenditures you describe. In my opinion, the items you describe seem to fall into at least two of the three permissible categories of expenses. First, subsection 21-6-302(d)(1)(A) enables the moneys in treasurers' automation funds to be spent "to operate the office of the county treasurer." Few offices can "operate" without basic office items such as desks, cabinets and chairs — the items you mention. *Page 3 
The second category of expenses into which these office items likely fall is "administrative expenses." A.C.A. § 21-6-302(d)(1)(B). Black's Law Dictionary defines "administrative expenses" as "overhead."Black's Law Dictionary 51 (Bryan A. Garner, ed., 9th ed., West 2009). The items you describe seem to fall within the common-sense meaning of "overhead." Accordingly, I believe the expenses you mention likely also fall within the second permissible expense category.
Collectors
Similarly, I believe the items you mention likely fall within the permissible expenses for county collectors' automation funds under section 21-6-305. The operative language in subsection 21-6-305(2)(A) is identical to subsection 21-6-302(d). Thus, I believe county collectors may use their automation funds to purchase these basic office items for the same reasons explained above.
In summary, while the absence of specific statutory definitions or court opinions prevent me from definitively opining about your questions, I believe that the answer to both of your two discreet questions is probably "yes." The relevant language governing the expenditure of the treasurers' and collectors' automation funds is so broad that it likely encompasses the items you mention. I will note that even though the expenses are likely permitted, A.C.A. § 14-14-1203(a) (Repl. 1998) requires the quorum court to specifically appropriate moneys from the automation fund for the desired expenses. See generally Op. Att'y Gen. 2001-305, pp. 3-7.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
[1] Act 844 of 2003 (regarding treasurers' automation funds);Act 847 of 2003 (regarding collectors' automation funds).
[2] The identical permissible uses of county collectors' automation funds may be found at A.C.A. § 21-6-305(c)(2)(A) (Repl. 2004). *Page 1